**WO**                                                                                    MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Nathaniel Turner, Jr.,                    )        No. CV 08-960-PHX-SMM (BPV)
                                          )
              Plaintiff,                  )        **ORDER**
                                          )
vs.                                       )
                                          )
Dr. Emerson, et al.,                      )
                                          )
              Defendants.                 )
                                          )
_____        )

On May 30, 2008, Plaintiff Nathaniel Turner, Jr., who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a June 16, 2008 Order, the Court dismissed the Complaint for failure to state a claim and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 20, 2008, Plaintiff filed a First Amended Complaint (Doc. #8). The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

JDDL-K

1
2
3

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

4
5
6
7
8
9

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

10

**II.    First Amended Complaint**

11
12
13

In his one-count First Amended Complaint, Plaintiff sues Defendants Dr. Emerson, who is an orthopedic specialist at the Maricopa County Fourth Avenue Jail, and Physician's Assistant Van Schil.

14
15
16
17
18
19

Plaintiff alleges that Dr. Emerson stated that Plaintiff would need rehabilitation after surgery, that the Jail staff would not be able to give Plaintiff the necessary rehabilitation, and that, therefore, the Plaintiff would not receive the surgery because Plaintiff would not be in jail long enough to receive the rehabilitation.  Plaintiff also alleges that Dr. Emerson ordered Defendant Van Schil to issue methadone to Plaintiff for Plaintiff's severe chronic pain, but Defendant Van Schil only gave Plaintiff half of the medication.

20
21

In his Request for Relief, Plaintiff seeks monetary damages and surgery on his back, neck, and right shoulder.

22

**III.   Failure to Allege a Violation of a Constitutional Right**

23
24
25
26

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  Plaintiff has failed to allege any constitutional or federal-law violations.

27
28

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

1   prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535

2   (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant

3   acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

4         To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First,

5   the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the

6   official's act or omission must result in the denial of "the minimal civilized measure of life's

7   necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the prison official must

8   have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to

9   inmate health or safety.  Id.  In defining "deliberate indifference" in this context, the Supreme

10  Court has imposed a subjective test: "the official must both be aware of facts from which the

11  inference could be drawn that a substantial risk of serious harm exists, and he must also draw

12  the inference."  Id. at 837 (emphasis added).

13        Not every claim by a prisoner that he has received inadequate medical treatment states

14  a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

15  plaintiff must show that the defendants acted with "deliberate indifference to serious medical

16  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

17  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

18  that failure to treat the condition could result in further significant injury or the unnecessary

19  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

20  Jett, 439 F.3d at 1096 (quotations omitted).

21        Mere claims of "indifference," "negligence," or "medical malpractice" do not support

22  a claim under § 1983.  See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

23  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious

24  medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in

25  medical care, without more, is insufficient to state a claim against prison officials for

26  deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

27  407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

28  "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

1    In his First Amended Complaint, Plaintiff has failed to allege any constitutional or
2    federal-law violations.  Thus, the Court will dismiss without prejudice Plaintiff's First
3    Amended Complaint because it fails to state a claim.

4    **IV.    Leave to Amend**

5    For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
6    failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may
7    submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of
8    Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.
9    If Plaintiff fails to use the court-approved form, the Court may strike the second amended
10    complaint and dismiss this action without further notice to Plaintiff.

11    Plaintiff must clearly designate on the face of the document that it is the "Second
12    Amended Complaint."  The second amended complaint must be retyped or rewritten in its
13    entirety on the court-approved form and may not incorporate any part of the original or First
14    Amended Complaints by reference.  Plaintiff may include only one claim per count.

15    A second amended complaint supersedes the original and first amended complaints.
16    Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard
17    Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat
18    the original and first amended complaints as nonexistent.  Ferdik, 963 F.2d at 1262.  Any
19    cause of action that was raised in the original complaint is waived if it is not raised in a first
20    amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

21    If Plaintiff files a second amended complaint, Plaintiff must write short, plain
22    statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2)
23    the name of the Defendant who violated the right; (3) exactly what that Defendant did or
24    failed to do; (4) how the action or inaction of that Defendant is connected to the violation of
25    Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that
26    Defendant's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

27    Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff
28    fails to affirmatively link the conduct of each named Defendant with the specific injury

JDDL-K                                                                     - 4 -

suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. #8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of June, 2008.

Stephen M. McNamee
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
                                        )
(Full Name of Plaintiff)                )
                Plaintiff,          )
                                        )
          vs.                       )   **CASE NO.** _____
                                        )           (To be supplied by the Clerk)
(1)_____ ,      )
(Full Name of Defendant)                )
(2)_____ ,      )
                                        )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,      )   **BY A PRISONER**
                                        )
(4)_____ ,      )   ☐ Original Complaint
            Defendant(s).          )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 3/9/07                    1                         **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                          (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                          (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                          (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

a.  First prior lawsuit:
   1.   Parties: _____ v. _____
   2.   Court and case number: _____.
   3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

b.  Second prior lawsuit:
   1.   Parties: _____ v. _____
   2.   Court and case number: _____.
   3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

c.  Third prior lawsuit:
   1.   Parties: _____ v. _____
   2.   Court and case number: _____.
   3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities        ☐ Mail            ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                              ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?                    ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?          ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.


2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.


3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.


5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
            at your institution?                                          ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count III?    ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level?   ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
            you did not.  _____
            _____.


**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.