**WO**                                                MDR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Turner, Jr., | No. CV 08-960-PHX-SMM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dr. Emerson, et al., | |
| Defendants. | |

On May 30, 2008, Plaintiff Nathaniel Turner, Jr., who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a June 16, 2008 Order, the Court dismissed the Complaint for failure to state a claim, noting that Plaintiff had failed to allege the violation of a constitutional right and had failed to link his injuries to any specific conduct by any specific defendant. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 20, 2008, Plaintiff filed a First Amended Complaint. In a June 30, 2008 Order, the Court dismissed the First Amended Complaint for failure to state a claim, noting again that Plaintiff had failed to allege the violation of a constitutional right. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On July 18, 2008, Plaintiff filed a Second Amended Complaint (Doc. #11). The Court will dismiss the Second Amended Complaint.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II.    Second Amended Complaint and Dismissal without Leave to Amend

In his one-count Second Amended Complaint, Plaintiff sues Defendants Joseph M. Arpaio, Physician's Assistant Van Schil, and Dr. Emerson, who is an orthopedic specialist at the Maricopa County Fourth Avenue Jail.

Plaintiff has again failed to allege the violation of a constitutional right. Additionally, he has failed to link his injuries to any conduct by Defendant Arpaio. Therefore, the Court will dismiss Plaintiff's Second Amended Complaint because it fails to state a claim.

The Court will dismiss Plaintiff's Second Amended Complaint without leave to amend. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instruction from the Court. Further opportunities to amend would be

1 futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended
2 Complaint without leave to amend.

3 **IT IS ORDERED:**

4     (1) Plaintiff's Second Amended Complaint (Doc. #11) is **dismissed** for failure to
5 state a claim, and the Clerk of Court must enter judgment accordingly.

6     (2) The Clerk of Court must make an entry on the docket stating that the dismissal
7 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

8 DATED this 22nd day of July, 2008.

Stephen M. McNamee
United States District Judge